Thomas A. Aurelio, J.
Plaintiff moves pursuant to rule 109 of the Rules of Civil Practice for an order striking out the first defense for insufficiency, and the defendant cross-moves for *270 dismissal of the complaint pursuant to subdivision 4 of rule 106. Both motions present the same issue of law. Plaintiff and defendant had entered into an agency agreement, which contains the following provision: 1 ‘ The Company shall render to the Agent monthly, not later than the fifteenth (15th) day of the month following that in which the business is written, an account of money due to the Company on the business placed by the Agent with the Company; the premiums therein shown to be due to the Company, representing all premiums reported less return premiums for cancelled policies, shall be remitted by the Agent so as to be in the possession of the Company within ten (10) days after receipt by the Agent of the monthly account applicable thereto.” In the defense it is alleged that all sums collected by the defendant as payment of premiums were remitted to the plaintiff. Plaintiff contends that under the quoted provision of the agreement defendant was required to remit all premiums, whether paid or not, and defendant contends that he was required to remit only such premiums as were paid and that the risk of payment was on the plaintiff. There is no ambiguity in the quoted provision, and it clearly provides that all premiums reported, and not only premiums collected, shall be remitted.
Clausen v. Title Guar, & Sur. Co. (168 App, Div. 569, affd. 222 N. Y. 675) is of no aid to the defendant. There, the provision was as follows: “ He (Clausen) shall collect all premiums for bonds issued through said office in the territory mentioned herein; he shall account to the company for all premiums so collected, and shall render statements of such premiums and remit to the company such premiums on or before the twentieth (20th) day of each month for the business done during the preceding month, less the commission and expenses as aforesaid, which shall be accounted for, however, in the said monthly statement; provided, however, the premiums for all bonds issued shall be accounted for and paid by the asrent to the company within the second calendar month succeeding the issue of the various bonds. The agent shall report immediately all bonds written and forward all applications to its home office for record ” (p. 573). There, the matter was submitted to the court upon the report of a Referee. It is to be noted that by the quoted provision the plaintiff there was to remit the collected premiums within a stated month, and was to remit all premiums during the following month. The Referee found in fact in favor of the surety company with respect to the construction of the agreement, save for the fact that the uniform conduct of the parties under the contract during a four-year period had *271 indicated a practice and contrary construction in that during the entire period the plaintiff there had not accounted for and made payment to the company of premiums on all bonds issued within the two calendar months succeeding the issuance of the bonds. The complaint is therefore sufficient, and upon its face the defense is insufficient.
Plaintiff’s motion is granted and the first defense is dismissed and the cross motion is denied.